13-4325 (L)
*Yang v. Lynch*

BIA
Abrams, IJ
A047 558 890

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*
_____

JIN JUN YANG, AKA SAN SAO YANG, AKA
BAO S. YANG, AKA SANBAO YANG, AKA
WENSHOU GUY, AKA GUY WENSHOU,
*Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*
_____

13-4325 (L)
14-1824 (Con)
NAC

FOR PETITIONER:          Michael Lehach, Lehach & Filippa, LLP, New York, New York.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Kathryn L. Deangelis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Jin Jun Yang, a native and citizen of the People's Republic of China, in the lead petition seeks review of an October 18, 2013 decision of the BIA affirming a September 28, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Jin Jun Yang,* No. A047 558 890 (B.I.A. Oct. 18, 2013), *aff'g* No. A047 558 890 (Immig. Ct. N.Y.C. Sept. 28, 2012). In the consolidated petition, he seeks review of the BIA's May 1, 2014 denial of his timely motion to reopen. *See In re Jin Jun Yang*, No. A047 558 890 (B.I.A. May 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Our review in the lead petition is limited to whether Yang established his eligibility for deferral of removal under the CAT, on the basis of the Chinese government's investigation into his sister's dealings. Yang has abandoned his claims for asylum and withholding, and his claim that his violations of China's family planning policies provide a basis for CAT relief is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

The agency's denial of deferral of removal and its denial of reopening rested on factual findings, which we lack jurisdiction to review due to Yang's criminal history. *See* 8 U.S.C. § 1252(a)(2)(C),(D); *Ortiz-Franco v. Holder*, No. 13-3610, 2015 WL 1449077, at *4 (2d Cir. Apr. 1, 2015). Yang alleges no legal errors in the agency's initial determination that he had not established his eligibility for CAT deferral. In denying his motion to reopen, the BIA found, *inter alia*, that the motion did not set forth a prima facie case for relief. Yang challenges this statement as "conclusory" and "unsupported," but the BIA's decision shows that it reviewed the submitted evidence, and then found both that it was not new, material,

and previously unavailable, *and* that it failed to set forth a prima facie case for CAT relief. *Id.* The latter finding is dispositive and is a factual finding, which we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(C),(D); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Ortiz-Franco*, 2015 WL 1449077, at *4.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4